UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LIONEL EDWARDS                                        CIVIL ACTION

VERSUS                                               NO. 11-2203

STATE OF LOUISIANA, through                          SECTION "C" (2)
STATE ATTORNEY GENERAL
OF LOUISIANA

## REPORT AND RECOMMENDATION

Plaintiff, Lionel Edwards, is a prisoner currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.  He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against the State of Louisiana alleging that the process of selecting a grand jury foreman in his state court criminal case was racially discriminatory.  Campbell v. Louisiana, 523 U.S. 392 (1998).  He seeks monetary relief only, including compensatory and punitive damages. Record Doc. No. 1 (Complaint).

On October 31, 2011, I conducted a telephone conference in this matter. Participating via telephone were plaintiff pro se; Phyllis Glazer, counsel for defendants. Plaintiff was sworn and testified for all purposes permitted by Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny.  For both of the following two reasons, I recommend that the complaint be dismissed with prejudice.

## THE RECORD

Edwards testified that he is currently incarcerated in the Louisiana State Penitentiary at Angola based upon his conviction in 1980 for aggravated rape, for which he is serving a sentence of life in prison. He stated that his claim in this case is that the State of Louisiana violated his civil rights in connection with the criminal case in which he was convicted by allowing the judges of Louisiana to engage in racial discrimination in the manner in which grand jury forepersons were selected pursuant to Article 413 of the Louisiana Code of Criminal Procedure "prior to 1999 going back to 1928." He confirmed that his claim for damages is that the grand jury foreperson in his case was selected in a racially discriminatory way.

Edwards was able to identify the individual who was the foreperson of the grand jury that indicted him for aggravated rape only as "Miss Dottie . . . she was a white female that had been selected in the Spring of 1980, and the selection was made by a judge in the Louisiana district court pursuant to the provisions of Article 413."  He alleged that "prior to my arrest, this selection was made by a judge based on racial prejudice."  Edwards referred to Exhibit "B" attached to his complaint as evidence that "the judges systematically excluded Negroes from participating in the grand jury process and from being selected as grand jury foremen. That process prejudiced my position before the court, a prejudice that continues to affect my existence to this very day,

because at no time could my position in front of the court [in his criminal proceedings] be impartial as required by law when judges are the ones that's practicing racial discrimination."

Edwards confirmed the accuracy of the records of this court indicating that he has filed five (5) previous federal habeas corpus petitions challenging his aggravated rape conviction.  C.A. Nos. 07-5685 "M"(1), 02-3435 "M"(5), 01-2254 "M"(1), 99-3329 "M"(1) and 87-5525 "M"(1).  He also confirmed the accuracy of the indication in this court's records, C.A. 07-5685, Record Doc. No. 3, Petition at p. 4, ¶ 11(c)(5), that in his third application for post-conviction relief filed by him in the state court challenging his conviction, he previously asserted the same claim on November 30, 1998, that his conviction was invalid because of racially discriminatory grand jury foreperson selection. Edwards testified that the state court denied his application on that ground in 1998 or 1999. He also acknowledged that he raised this same claim of racially discriminatory grand jury foreperson selection in his subsequent federal habeas corpus petition "and was told that it was denied in 2000 or 2001" because the Campbell decision on which he based this claim was not retroactively applicable.

Thus, Edwards confirmed that he knew about and raised this claim beginning in the late 1990s and continuing through the early 2000s in his various cases challenging his criminal conviction. Asked why he waited until now, more than 12 years after he

3

became aware of the <u>Campbell</u> decision, to file the instant suit for monetary damages, he stated that not until last year had he determined that he would stop pursuing this claim in the state courts and pursue it here.  He argued various circular legal positions based upon the state court decisions to support his delay.  He asserted that the State of Louisiana has been aware since the 1998 ruling in <u>Campbell</u> that "at the very least the ruling in <u>Campbell</u> required them to set aside the conviction and if nothing else to retry."

Edwards clarified during his testimony that in the instant lawsuit he does not seek to have his conviction set aside or the charge retried, but instead seeks damages. He also acknowledged that he was aware of the basis of the same claim in 1998 when he first made the same argument based upon <u>Campbell</u> in his state court post-conviction application. He argued, however,  that because of an alleged lack of civil law books in the prison law library he was not aware that he should have filed this claim within the applicable one-year statue of limitations or that he might be as much as twelve (12) years too late in asserting his current claim for damages under Section 1983.

## **ANALYSIS**

### I.      STANDARDS OF REVIEW

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as

4

amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  <u>Davis</u> <u>v. Scott</u>, 157 F.3d 1003, 1005 (5th Cir. 1998); <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

The purpose of a <u>Spears</u> hearing is to dig beneath the conclusional allegations of a pro se complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims.  <u>Spears</u>, 766 F.2d at 180.  "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  <u>Davis</u>, 157 F.3d at 1005. The information elicited at such an evidentiary hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e).  <u>Wilson v. Barrientos</u>, 926 F.2d 480, 481 (5th Cir. 1991); <u>Adams v. Hansen</u>, 906 F.2d 192, 194 (5th Cir. 1990).  "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists."  <u>Spears</u>, 766 F.2d at 182.

After a <u>Spears</u> hearing, the complaint must be dismissed as legally frivolous if it lacks an arguable basis in law, <u>Jackson v. Vannoy</u>, 49 F.3d 175, 176-77 (5th Cir. 1995);

5

Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992), or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible." Id. at 270.

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not."  Moore, 976 F.2d at 269.  A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) in light of his testimony explaining the factual basis of his claims. Plaintiff's complaint, as amended by his testimony at the Spears hearing, is barred for both of the following two reasons.

II.    HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

In this case, plaintiff seeks monetary damages arising from an alleged constitutional deficiency in his state court criminal proceedings, specifically racial discrimination in the selection process for grand jury foreman.  All such claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that a civil action for alleged civil rights violations that would undermine the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). The Supreme Court's decision in Heck concerned a civil action for monetary damages of the type asserted by Edwards in this case.

Plaintiff's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479; see Rideau v. Whitley, 237 F.3d 472, 484 (5th Cir. 2000) (properly supported and asserted claim of racially discriminatory grand jury foreperson selection requires that a conviction be set aside and an indictment quashed). Edwards has acknowledged that, at the time of filing this complaint, he was in custody in the Louisiana State Penitentiary in Angola, Louisiana, based upon an aggravated rape conviction. His claim that his grand jury foreperson was selected in a racially discriminatory fashion, if properly asserted and proven, would undermine the validity of his conviction. Yet, he has asserted this same claim in both the state and federal courts, and it has been consistently rejected. Thus, the conviction that he challenges in this case has not been set aside in any of the ways described in Heck. Any claims for relief that he asserts, undermining his continued confinement, must be dismissed under Heck. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

III.   STATUTE OF LIMITATIONS/PRESCRIPTION

Edwards's Section 1983 claim based upon his 1980 conviction is barred by the applicable statute of limitations, or the concept of "prescription" under analogous Louisiana law.  The district court may raise the limitations defense sua sponte in a suit filed in forma pauperis under 28 U.S.C. § 1915.  Wilke v. Meyer, 345 Fed. Appx. 944, 2009 WL 3150381, at *1 (5th Cir. 2009), cert. denied, 78 U.S.L.W. 3579 (2010); Lopez-Vences v. Payne, 74 Fed. Appx. 398, 2003 WL 22047325, at *1 (5th Cir. 2003) (citing Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993)).

Although Section 1983 has no statute of limitations, the Louisiana prescription statute is applicable to suits in federal court under Section 1983.

> Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims.  In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.

Duplessis v. City of New Orleans, No. 08-5149, 2009 WL 3460269, at *4 (E.D. La. Oct. 26, 2009) (McNamara, J.) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 275 (1985); Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989)); accord James v. Branch, No. 07-7614, 2009 WL 4723139, at *10 (E.D. La. Dec. 1, 2009) (Duval, J.) (citations omitted).

9

Federal law determines when a Section 1983 claim accrues.  Jacobsen, 133 F.3d at 319.

> For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action.  The Supreme Court has held that prescription begins to run at the point when "the plaintiff can file suit and obtain relief."

Duplessis, 2009 WL 3460269, at *5 (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)) (citing Jacobsen, 133 F.3d at 319; Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998)); accord Dixon v. Cooper, 260 F. App'x 728, 729 (5th Cir. 2007); Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).  Determination of when plaintiff knew or should have known of the existence of a possible cause of action has two factors: "(1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions."  Id.; accord Dixon, 260 F. App'x at 729.

Plaintiff has testified that he became aware of his claim based upon alleged racial discrimination in the selection of his grand jury foreperson in 1998 and that he actually asserted that claim both in his state court post-conviction applications and his federal habeas petitions in the late 1990s and early 2000s.  Plaintiff had one year from the date of his knowledge of this claim within which to file this Section 1983 suit.  He failed to do so.

10

The date when the clerk of court receives the complaint, rather than the formal filing date, usually establishes the time of filing in forma pauperis complaints.  <u>Martin v. Demma</u>, 831 F.2d 69, 71 (5th Cir. 1987).  However, in the pro se prisoner context, a "mailbox rule" applies, so that the date when prison officials receive the complaint from the prisoner for delivery to the court is considered the time of filing for limitations purposes.  <u>United States v. Petty</u>, 530 F.3d 361, 363 & n.1 (5th Cir. 2008); <u>Stevenson v. Anderson</u>, 139 F. App'x 603, 604 (5th Cir. 2005); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995) (date when prison officials receive complaint from prisoner in jail for delivery to the court is considered time of filing for limitations purposes).

In this case, the earliest date on which prison officials could have received Edwards's complaint for delivery to this court is August 24, 2011, when he signed it.[1] Complaint, Record Doc. No. 1 at p. 4 and 6.  Plaintiff's complaint is therefore considered to be filed and this action commenced on August 24, 2011 for limitations purposes.

In addition to applying the forum state's statute of limitations, federal courts should give effect to any applicable tolling provisions provided by state law.  <u>Lopez-Vences</u>, 74 F. App'x at 398; <u>Clifford v. Gibbs</u>, 298 F.3d 328, 333 (5th Cir. 2002);

---

[1]The complaint was tendered to the Clerk of Court for filing in this court on September 1, 2011 and was formally filed on September 8, 2011, after the court granted plaintiff's motion for leave to proceed in forma pauperis. Record Doc. Nos. 1, 2 and 3.

11

Gartrell, 981 F.2d at 257.  The running of prescription under Louisiana law may be suspended or tolled for equitable reasons, which have been expressed in the civilian legal principle of contra non valentem.  Under this theory, there are four situations in which the one-year prescriptive period for delictual actions will not run: (1) if there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action, (2) if there was some condition coupled with the contract or connected proceeding which prevented the creditor from suing or acting, (3) if the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action, and (4) if the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.  Dominion Explor. & Prod. Inc. v. Waters, 972 So. 2d 350, 358 (La. App. 4th Cir. 2007) (citing Wimberly v. Gatch, 635 So. 2d 206, 211 (La. 1994); Plaquemines Parish Comm'n Council v. Delta Dev. Co., 502 So. 2d 1034, 1054-55 (La. 1987)).

Thus, the "doctrine of contra non valentem recognizes that in limited circumstances prescription should not run if good cause exists as to why plaintiff would have been unable to exercise or was lulled into not exercising a cause of action when it first became exigible." Pracht v. City of Shreveport, 830 So. 2d 546, 551 (La. App. 2d Cir. 2002).

Plaintiff testified that his delay in filing this suit occurred because he was not aware of the one-year statute of limitation due to a lack of civil law books in the prison library.  However, "ignorance of legal rights and time limitations is not a basis for equitably tolling a statute of limitations." Dixon v. La. Dep't of Corr., 294 F. App'x 970, 970 (5th Cir. 2008) (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991)); accord Bell v. City of Baton Rouge, 77 F. App'x 743, 743 (5th Cir. 2003), cert. denied, 540 U.S. 1223 (2004) (citing Groom v. Energy Corp., 650 So. 2d 324, 326 (La. Ct. App. 1995)).  It is clear from his own testimony and the records of this court concerning his prior habeas corpus filings that Edwards knew of the alleged constitutional violation as early as 1998.  Under these circumstances, Edwards's claim in this case must be dismissed due to expiration of the one-year statute of limitations.

Plaintiff has not asserted any cause or condition that prompts application of the doctrine of contra non valentem.  His complaint and testimony establish that, more than one year prior to his filing of the instant action, even under the liberal "mailbox rule," Edwards knew of defendants' allegedly unconstitutional actions and his resulting injuries.  The record establishes no condition that might have tolled the statute of limitations or upon which the doctrine of contra non valentem might be applied.  In short, because plaintiff did not commence his claim for monetary damages within the required one-year limitations period after he knew or should have known of the alleged

13

constitutional violations, these claims under Section 1983 are time-barred and must be dismissed.

### **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2) because it is barred by the applicable statute of limitations, or under Heck.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28

U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this _____4th_____ day of November, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referred to the previously applicable ten-day period for the filing of objections.  Effective
December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.